UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Gloria P.,[1] | Case No. 20-cv-1542 (ECT/LIB) |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Kilolo Kijakazi,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636 and upon Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. [Docket No. 49]. Pursuant to the Local Rules governing motions filed in Social Security cases in this District, the Court took Plaintiff's Motion under advisement on the written submissions of the parties. (Order [Docket No. 56]). Through the present Motion, Plaintiff seeks attorney's fees in the amount of $8,815.00, plus costs in the amount of $100.00.

For the reasons set forth herein, the undersigned recommends that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, [Docket No. 49], be **GRANTED**.

**I.     Background**

Plaintiff initiated on this action on July 9, 2020, by filing her Complaint. [Docket No. 1]. Through this action, Plaintiff sought to appeal the Commissioner's decision (through the Administrative Law Judge "ALJ") denying Plaintiff's request for disability benefits. (Id.).

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff, only her first name and last initial will be provided here.

Pursuant to the Local Rules governing social security cases in this District, Plaintiff filed her Motion for Summary Judgment on June 1, 2021. [Docket No. 30]. Plaintiff also filed a memorandum in support of her Motion for Summary Judgment.

After receiving two extensions of time, Defendant's cross-motion for summary judgment was due September 24, 2021. (Order [Docket No. 34]). Defendant did not, however, file a cross-motion for summary judgment. Instead, Defendant filed an unopposed Motion for Remand, [Docket No. 38], asking this Court to "reverse and remand the above-captioned case to the agency for further proceedings pursuant to sentence four of section 205(g) of the Social Security Act (Act) 42 U.S.C. § 405(g)." (Mot. [Docket No. 38]).

On September 27, 2021, this Court issued an Order granting Defendant's unopposed Motion for Remand. (Order [Docket No. 44]). Pursuant to this Order, the present case was remanded to the Commissioner of Social Security for further administrative action, pursuant to sentence four of 42 U.S.C. § 405(g).[2]

## II.   Standard of Review

Under the Equal Access to Justice Act ("EAJA"), District Courts have the authority to award attorney fees and costs to a prevailing plaintiff in an appeal from a denial of disability benefits by the Commissioner. The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "A plaintiff is also entitled to the reasonable fees incurred in preparing the EAJA petition itself." Chelsea I.B. v. Saul, No. 18-cv-2874 (ECT/ECW), 2020 WL

---

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

4808797, at *2 (D. Minn. July 29, 2020) (citing Commissioner, INS v. Jean, 496 U.S. 154, 162–163 (1990)), report and recommendation adopted, 2020 WL 4805046 (D. Minn. Aug. 18, 2020).

A plaintiff bears the burden of establishing that she was a "prevailing party" under the EAJA. Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989). If a plaintiff establishes that she is a prevailing party, the burden then shifts to the Government to prove that it was substantially justified in asserting its position. Bah v. Cangemi, 548 F.3d 680, 684 (8th Cir. 2008).

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). The Government must show that its "position was substantially justified at both the administrative and litigation levels." Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988).

### III.   Discussion

As noted above, the plaintiff bears the burden of establishing that she was the "prevailing party" under the EAJA. Huett, 873 F.2d at 1155. A "sentence four" remand necessarily renders a plaintiff the "prevailing party" under the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300–01 (1993). In the present case, the record before the Court unequivocally demonstrates that Plaintiff is a prevailing party under the EAJA. Accordingly, for the purposes of the present matter before the Court, the burden shifts to the Defendant to show that her position was substantially justified.

Defendant does not, however, contend that her position was substantially justified or that an award of attorney's fees is otherwise unjust. (See, Def.'s Response to Plf.'s Mot. [Docket No. 57]). Therefore, the Court concludes that Defendant has not carried her burden of showing that her position on review of the ALJ's decision was substantially justified.

Accordingly, Plaintiff is entitled to an award of attorney's fees under the EAJA.

3

Having determined that Plaintiff is entitled to an award of attorney's fees, the Court turns to the sufficiency of the evidence supporting Plaintiff's request for $8,815.00 in attorney's fees, plus $100.00 in costs.

**A. Number of Hours**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). In determining the number of hours reasonably expended on litigation, the Court reviews an "itemized application for excessive, redundant, or otherwise unnecessary hours, i.e., hours that would be unreasonable to bill to a claimant." Knudsen v. Barnhart, 360 F. Supp. 2d 963, 976 (N.D. Iowa 2004).

In support of the amount Plaintiff requested for the award of attorney's fees, Plaintiff's counsel, David Chermol, submitted a signed, sworn declaration asserting that he cumulatively spent a total of 43.0 hours representing Plaintiff's interests in the present case, as well as, an itemized list describing how each increment of that time was spent. (Chermol Decl. [Docket No. 50]).

Defendant argues that the number of hours for which Plaintiff seeks attorney's fees is unreasonable. (Def. Mem. [Docket No. 57]). Specifically, Defendant contends that the number of hours for which Plaintiff should be reduced to 32 hours. (Id.). In support of this contention, Defendant asserts the following rationales: Plaintiff's memorandum was "not abnormally lengthy" raising "only routine issues" with portions of said memorandum presenting only a "canned constitutional argument"; the administrative record in this case is purportedly "not exceptionally long"; no reply memorandum was necessary because Defendant requested remand; and Plaintiff's counsel's extensive experience should have lead to "some additional efficiency from experienced and able counsel." (Id.). Defendant also takes issue with the 2.3 hours

4

expended by Plaintiff's counsel in the time between the filing of Plaintiff's Complaint and the filing of Defendant's answer. (Id. at 5–6).

Contrary to Defendant's assertions, the record presently before the Court does not suggest that Plaintiff's counsel spent an unreasonable amount of time managing the present case, conducting research into the facts and issues raised, or drafting and revising Plaintiff's Motion for Summary Judgment and supporting documents in the present case. "A lawyer should be commended, not criticized, because [he] seeks to improve [his] work product by making revisions to [his] initial draft. This is an essential element of a lawyer's craft." Fishbaugher v. Astrue, No. 11-cv-1252 (MJD/JJK), 2012 WL 4711585, at *3 (D. Minn. Oct. 3, 2012) (quoting Kromer v. Astrue, No. 8-cv-5181 (PAM/AJB), 2009 WL 3152039, at *3 n. 6 (D. Minn. Sept. 24, 2009)).

The Court finds unpersuasive Defendant's arguments regarding the number of hours Plaintiff's counsel expended research and drafting, as well as, Defendant's other arguments related to Plaintiff's counsel's expenditure of time. Social Security cases by their very nature require extensive review of the administrative record. In this case, the record from below was over 900 pages long. Furthermore, Plaintiff challenged a number of different aspects of the ALJ's decision each of which required research in order to find legal authority to support those various positions.

The Court finds unpersuasive Defendant's generic argument that the Plaintiff's memorandum "shows very little research specific to this case, as opposed to recycled from other, similar arguments," and therefore, according to Defendant, the number of hours permitted for researching should be reduced by some unspecified number of hours. The use of case law which had previously been used in a prior case does not necessarily demonstrate "very little research

specific to [a particular] case"; counsel is still required to ensure said case law is applicable to the case at issue.

Defendant also argues that the number of hours for which Plaintiff's counsel may reasonably be reimbursed should be reduced because there are no unique or complex issues in the present case. (Def.'s Mem. [Docket No. 57] at 5). The Court finds this argument to be unpersuasive. As other Courts in this District have observed, "[e]ven where the issues in a Social Security appeal 'are frequently litigated issues, their prevalence does not necessarily mean that the time Plaintiff's counsel spent briefing them in this case was excessive.'" Vicky K. v. Saul, No. 19-cv-01502 (ECW), 2021 WL 2472820, at *4 (D. Minn. June 17, 2021) (quoting Cheryl J. v. Saul, No. 18-cv-1292 (TNL), 2020 WL 2554623, at *3 (D. Minn. May 20, 2020); Dianna L.B. v. Saul, No. 19-cv-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021)).

As observed above, Defendant also takes issue with the hours Plaintiff's counsel expended during the time after Plaintiff filed her Complaint but before Defendant filed her answer and the administrative record. Specifically, Defendant takes issue with 2 hours Plaintiff's counsel expended "consider[ing] the Commissioner's [three] request[s] for extension [of time to answer and produce the administrative record] and confer[ing] with Plaintiff" regarding the same because, according to Defendant, "the request for extensions were necessary and beyond her control, as she had to wait for preparation of the administrative record to be complete by third party venders" which was delayed due to the COVID-19 pandemic. (Def.'s Mem. [Docket No. 57] at 5–6).[3] The Court finds this argument to be unpersuasive. Even assuming solely for the sake of argument that the delay in the production of the administrative record is not attributable

---

[3] Defendant's three unilateral requests for extensions of time to file her answer and the administrative record resulted in a delay of six months in the present case.

to Defendant,[4] the record now before the Court demonstrates that Plaintiff's counsel was nevertheless still required to expend time reviewing Defendant's requests for extensions of time and discussing said requests with Plaintiff. Further, Plaintiff's counsel's itemized description of his time expended in this case indicates that Plaintiff's counsel was required to expend significant time discussing these extensions with Plaintiff because Plaintiff was "VERY unhappy" with the delays. (Chermol Decl. [Docket No. 50] at 3) (capitalization in original).

Moreover, it should be noted that other Courts have approved the expenditure of a similar, and even greater, number of hours of attorney work in the handling of a social security disability case. See, e.g., Stockton v. Shalala, 36 F.3d 49, 50 (8th Cir. 1994) (finding that, in "a straightforward social security disability case that did not involve particularly difficult or complex issues," 46.05 attorney hours reasonably and adequately accounted for the attorney's court-related services in addition to 51.8 paralegal hours); Vicky K. v. Saul, No. 19-cv-01502 (ECW), 2021 WL 2472820, at *5 (D. Minn. June 17, 2021) (finding 45.2 hours to be a reasonable expenditure of time and ordering reimbursement for 45.2 hours despite defendant's objection to the reasonableness of 45.2 hours); Garcia v. Colvin, No. 15-cv-2056 (LIB), Order, [Docket No. 24], at 4–8 (D. Minn. Mar. 6, 2017) (finding 42.3 hours to be a reasonable expenditure of time and ordering reimbursement for that full amount); Fishbaugher v. Astrue, No. 11-cv-1252 (MJD/JJK), 2012 WL 4711585, at *3 (D. Minn. Oct. 3, 2012) (holding that 47.9 hours of legal representation was reasonable in a case involving a 700 page administrative record); Vossen v. Astrue, No. 7-cv-1567 (PAM/LIB), [Docket No. 58], at 7 (D. Minn. Mar. 15, 2011) (recommending, in a case involving only an approximately 400 page record, that Plaintiff

---

[4] Although Defendant asserts that the administrative record is prepared by a "third party," the Administrative Record is from and certified by the "Chief, Court Case Preparation and Review Branch 4, Office of Appellate Operations, Social Security Administration." (Administrative Record [Docket No. 27] at Certification). This seems to imply that the Social Security Administration played at least some role in preparing the Administrative Record. The Court need not decide this issue here, however, because as the Court explains regardless of whether the cause of the delay is attributed to Defendant or an unspecified third party, Plaintiff's counsel was still required to explain the six-month delay to Plaintiff and answer Plaintiff's questions regarding the delay.

receive reimbursement for the full 88.75 hours), report and recommendation adopted, 2011 WL 1322099 (D. Minn. Apr. 7, 2011); Halverson v. Astrue, No. 8-cv-784 (JNE/SRN), 2009 WL 2256380, at *4 (D. Minn. July 28, 2009) (finding that 40.87 attorney was not excessive or unreasonable); Stoops v. Astrue, 2009 WL 2382543, at *4 (D. Minn. July 10, 2009) (finding 50 hours in attorney fees reasonable).

Upon its independent review, the Court concludes that the 43 hours expended by Plaintiff's counsel in the present case are reasonable as supported by the description of the activities identified in the itemization provided in support of the fee petition. See, e.g., Stockton, 36 F.3d at 50. Accordingly, the reasonable number of hours for which Plaintiff may seek attorney's fees under the EAJA is 43 hours.

### B. Hourly Rate

The EAJA allows for calculating the hourly rate for an award of attorney's fees under the statute by reference to prevailing market rates, but it expressly sets forth that awards of attorney's fees under the EAJA may not exceed the rate of $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In the present Motion for fees, Plaintiff requests that her award for attorney's fees be calculated at an hourly rate of $205.00 per hour. (See, Plf.'s Mot. [Docket No. 49]). Defendant does not object to this hourly rate. (See, Def.'s Mem. [Docket No. 57] at 1) ("The Commissioner conceded that Plaintiff was a prevailing party and does not object to an award of attorney fees or the requested hourly rate.").

In support of this increase in hourly rate over the statutory rate of $125.00 an hour, Plaintiff asserts that the rise of the Consumer Price Index since the setting of the statutory rate

when applied to said statutory rate would result in an hourly rate in the excess of $205.00 per hour. (Plf.'s Mot. [Docket No. 49] at 2–3).

In accord with the EAJA, the Eighth Circuit has held that "proper proof" of an increase in the cost of living "sufficient to justify hourly attorney's fees of more than" the statutorily established amount can be demonstrated by reliance upon the consumer price index. Johnson v. Sullivan, 919 F.2d 503 (8th Cir.1990). Even where such proof is provided, however, the decision to increase the hourly rate to account for cost of living increases is not automatic and remains at the discretion of the district court. Clements v. Astrue, No. 8-cv-4078, 2009 WL 4508480, at *3 (W.D. Ark. Dec. 1, 2009) (citing McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989)).

According to public data from the United States Department of Labor, the Consumer Price Index in March of 1996—when the statutory attorney's fee rate was established—was 155.7, and the Consumer Price Index had risen to 278.802 as of the time when the present Motion was filed. Applying this increase in the Consumer Price Index to the $125.00 statutory rate gives an hourly rate of $223.83.

The Court finds that, given the increase in the Consumer Price Index and Defendant's lack of opposition, Plaintiff's requested hourly rate of $205.00 is reasonable. See, e.g., Bryan A. v. Berryhill, No. 17-cv-5494 (LIB), Order [Docket No. 28] (D. Minn. Oct. 15, 2019) (finding that a rate of $204.08 was reasonable in seeking fees pursuant to the EAJA in a fee petition filed in April 2019, based on the rise in the Consumer Price Index); Ibrahim v. Barr, No. 18-cv-1883 (PAM/BRT), 2019 WL 1487850, at *3 (D. Minn. Apr. 4, 2019) (finding that a rate of $202 was reasonable in seeking fees pursuant to the EAJA in a case filed in 2018); Evans v. Berryhill, 298 F. Supp. 3d 1210, 1212 (D. Minn. 2018) (finding that a rate of $195 was reasonable pursuant to the Consumer Price Index in a case filed in 2016); Aden v. Colvin, No. 12-cv-1781 (PAM/JJG), 2014 WL 2818662, at *3 (D. Minn. June 18, 2014) (finding that a rate of $185 was reasonable in

a case filed in 2012 based on the increase in the cost of living since the statutory rare was established); Thielke v. Colvin, No. 11-cv-3538 (SRN/LIB), 2013 WL 4501472, at *4 (D. Minn. Aug. 22, 2013) (finding, in a case filed in 2011, "that the $184.32 per hour rate [was] reasonable in light of the increase in the cost of living since enactment of the $125 statutory rate guideline in 1996").

Based on the present record, the Court concludes that Plaintiff is entitled to a cost of living upward adjustment from the EAJA statutorily established maximum hourly rate of $125.00 for attorney's fees awards. The Court further concludes that the requested $205.00 per hour rate is reasonable in light of the significant increase in the Consumer Price Index since the original enactment of the $125.00 statutory rate guideline.

Accordingly, and in light of the agreement of the parties, the Court finds that the hourly rate requested is not excessive, and that the reasonable hourly rate for which Plaintiff may seek attorney's fees under the EAJA in the present case is $205.00 per hour.

### C. Amount of the Attorney's Fees Award

As discussed above, the Court concludes that 43 hours were reasonably expended by Plaintiff's attorney in the present case. The reasonable hourly rate to be used in calculating that award is $205.00 per hour. Applying the reasonable hourly rate to the hours that may be used in calculating the attorney's fees to which Plaintiff is entitled produces a fee award of $8,815.00.

### D. Costs

Plaintiff also requests recovery of $100.00 in costs. This amount reflects $100.00 for the cost of her counsel being admitted pro hac vice. Defendant does not object to Plaintiff's request for $100.00 in costs. (See, Def.'s Mem. [Docket No. 57] at 1) ("The Commissioner conceded that Plaintiff was a prevailing party and does not object to an award of attorney fees or the requested hourly rate.").

The Court finds Plaintiff's request for an award of costs in the amount of $100.00 to be reasonable and appropriate. On that basis, and again in light of Defendant's agreement thereto, the Court concludes that Plaintiff is entitled to an award of $100.00 in costs.

## IV. Conclusion

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, [Docket No. 49], be **GRANTED**;

2. Plaintiff be awarded attorney's fees in the amount of $8,815.00, pursuant to the Equal Access to Justice Act, as more fully discussed above;

3. Plaintiff be awarded costs in the amount of $100.00, pursuant to the Equal Access to Justice Act, as more fully discussed above; and

4. This award be found to fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act.

Date: March 23, 2022              s/Leo I. Brisbois
                                  Hon. Leo I. Brisbois
                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).